UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TREASURY SOLUTIONS HOLDINGS, INC., a Georgia corporation, successor in interest to TREASURY SOLUTIONS, LLC, a Georgia limited liability company, f/k/a GIF PLAN ADVISORS, LLC, a Georgia limited liability company, successor in interest to GIF SERVICES, LLC, a Georgia limited liability company,<br><br>         Plaintiffs,<br><br>   v.<br><br>UPROMISE, INC., a Delaware corporation; UPROMISE INVESTMENTS, INC., a Delaware corporation; THE VANGUARD GROUP, INC., a Pennsylvania corporation; JOHN DOES 1 through 10, individuals; ABLE-BAKER COMPANY 1-10, partnerships; and BLACK & WHITE INC. 1-10, corporations,<br><br>         Defendants. | 3:10-CV-00031-LRH-WGC<br><br>ORDER |

Before the Court is Defendants Upromise, Inc. ("Upromise") and Ascensus Broker Dealer Services, Inc.'s ("ABDS"), formerly known as Upromise Investments, Inc., Emergency Motion to Stay Proceedings. Doc. #75.[1] Also before the Court is Defendant The Vanguard Group, Inc.'s

---

[1] Refers to the Court's docket number.

("Vanguard") Joinder in Upromise and ABDS's Emergency Motion to Stay Proceedings and Request for Extension of Time to Respond to Plaintiffs' First Amended Complaint in the event the Court denies Upromise and ABDS's Emergency Motion to Stay Proceedings.  Doc. #77.  To date, Plaintiffs Treasury Solutions Holdings, Inc. ("Treasury Solutions") has not filed a Response.

This litigation revolves around the State of Nevada's 529 College Savings Plan ("CPS") program.  The State of Nevada contracted with Treasury Solutions to create the CPS program, and contracted separately with Upromise and ABDS to manage and administer that program.  There is no direct contractual relationship between Treasury Solutions and Upromise or ABDS.  In a related State court action,[2] Treasury Solutions sued the State of Nevada for breach of contract.  On December 28, 2009, Treasury Solutions filed the present action against Defendants alleging claims for tortious interference with contractual relations and tortious interference with prospective business advantage.[3]  *See* Doc. #1.  On January 6, 2012, the Court granted Defendants' Motion to Dismiss, finding that Treasury Solutions' claim was barred by the statute of limitations.  Doc. #61.  On March 27, 2014, the Ninth Circuit reversed the Court's dismissal, finding that a tortious interference claim does not accrue until the plaintiff has incurred actual damages, which in this case would have occurred "on some unspecified date in January 2007."  Doc. #69.  On May 20, 2014, the Ninth Circuit issued its mandate returning the case to this Court for further proceedings.  Doc. #72.  Defendants now move for an emergency order staying these proceedings for a period of 120 days, pending resolution of the related State court action scheduled for trial on September 3, 2014.  Doc. #75; Doc. #77.

District courts have broad discretion and the inherent authority to stay proceedings as incident to their power to control and manage their dockets in the interests of justice and judicial

---

[2] *Treasury Solutions et al. v. State of Nevada et al.*, Case No. 11-OC-00268, in the First Judicial District Court in and for the County of Carson City, Department II.

[3] Only Treasury Solutions' claim for tortious interference with contractual relations remains. *See* Doc. #45 (First Amended Complaint).

2

economy. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Branch Banking and Trust Co. v. Eloy Bus. Park, LLC*, No. 2:12-CV-01679-LRH-PAL, 2012 WL 6561752, at *1 (D. Nev. 2012) (a stay is particularly warranted where it may "[avoid] the possibility of piecemeal litigation and inconsistent outcomes[,]" "be efficient for [the Court's] own docket[,] and [be] the fairest course for the parties") (internal quotation marks and citations omitted). Still, courts must balance the competing interests affected by a stay, including the "hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. State of California*, 398 F.3d 1098, 1110 (9th Cir. 2005). Moreover, a court should not grant a stay pending the resolution of other proceedings "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 1111. Nor should a court grant a stay absent a showing of hardship if "there is even a fair possibility that the stay . . . will work damage to someone else." *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

The Court has reviewed the relevant documents and pleadings on file in this matter and finds that a temporary stay is warranted for the following reasons. First, this case involves related and overlapping factual and legal issues with the State court action—specifically, whether the State of Nevada did or did not breach Treasury Solutions' contract. The State court action will thus directly impact the scope and nature of the parties' discovery requests, pleadings, motion practice, evidentiary disputes, the issues tried before this Court, and potentially pre-determine certain dispositive legal questions. *See Meredith v. City of Winter Haven*, 320 U.S. 228, 236 (1943) ("a federal court . . . may stay proceedings before it, to enable the parties to litigate first in the state courts questions of state law, decision of which is preliminary to, and may render unnecessary, decision of the [federal] questions presented"); *see also Integrated Fin. Assoc., Inc. v. Blanchard*, No. 2:10-CV-00986-RLH-LRL, 2010 WL 4736610, at *1-2 (D. Nev. 2010) (finding a stay of proceedings appropriate where many of issues presented in that case were concurrently being determined in state court). As such, it appears that a stay would be in the best interest of all parties

involved. Additionally, as a matter of comity, a brief stay may allow this Court to defer resolution of some state-law issues to the State court. *See Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003) ("a federal court may stay its proceedings based on comity even when none of the abstention doctrines requires that it do so") (citing *Deakins v. Monaghan*, 484 U.S. 193, 202-03 (1988)). Second, as trial is set for September 3, 2014, in the State court action, any stay in the present action will be relatively brief. Finally, the Court finds that Defendants' requested stay is warranted due to the unexpected passing of the lead attorney who was previously handling this matter for Defendants. In sum, the Court concludes that a stay of the action for 120 days pending resolution of the related State court action scheduled for trial on September 3, 2014, is appropriate under the circumstances.

IT IS THEREFORE ORDERED that Defendants Upromise and ABDS's Emergency Motion to Stay Proceedings (Doc. #75) is GRANTED. This action shall be STAYED as against Upromise and ABDS for a period of 120 days.

IT IS FURTHER ORDERED that Defendant Vanguard's Joinder to Upromise and ABDS's Emergency Motion to Stay Proceedings (Doc. #77) is GRANTED. This action shall be STAYED as against Vanguard for a period of 120 days.

IT IS SO ORDERED.

DATED this 30th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE